**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| DIEGO MARCELO CALLE GUAMAN, | Civil Action No. 26-1783 (ZNQ) |
| Petitioner, | |
| v. | **OPINION** |
| LUIS SOTO, *et al.*, | |
| Respondents. | |

**QURAISHI, District Judge**

This matter comes before the Court on Petitioner's petition for a writ of habeas corpus. (ECF No. 1.)  Following an order to answer, the Government filed a response to the petition.  (ECF No. 4.)  Petitioner did not file a reply.  For the following reasons, the petition shall be denied.

I.     **BACKGROUND**

Petitioner is a native and citizen of Ecuador.  (*See* ECF No. 4-2 at 2.)  Petitioner entered the United States without admission or inspection in November 2006. (*Id.* at 3.)  Petitioner was apprehended shortly after crossing the border and was processed for expedited removal pursuant to 8 U.S.C. § 1225(b)(1) on November 30, 2006. (*Id.* at 4.)  In early 2007, Petitioner was issued a final removal order, and was ultimately removed from the United States on February 12, 2007. (ECF No. 4-3 at 3.)  Petitioner thereafter illegally re-entered the United States and remained in the country until he was apprehended during an enforcement operation in Belleville, N.J., on February 20, 2026. (*Id.*)  Because of his prior removal order, a warrant was issued for his arrest at that time, and Petitioner was taken into custody for the reinstatement and enforcement of his prior removal

1

order.  (*Id.* at 3-4.)  The Government took Petitioner into custody at that time, and has reinstated his 2007 removal order pursuant to 8 U.S.C. § 1231(a)(5) with the intention of once again removing Petitioner from the United States.  (ECF No. 4-5; 4-6.)  When the government issued the document reinstating Petitioner's removal order, Petitioner chose not to contest the determinations contained in that order.  (*See* ECF No. 4-5.)

Following his arrest, Petitioner filed his habeas petition in this matter on February 24, 2026.  (ECF No. 1.)  In his habeas petition, Petitioner essentially contends that his detention without some form of protective bond hearing including a determination of danger and flight risk violates Due Process as he believes he is subject to detention only under 8 U.S.C. § 1226(a).  (ECF No. 1 at 1-11.)  Petitioner also contends that his arrest, which he believes was undertaken without a warrant, is unlawful.  (*Id.* at 15-17.)

## II.   **LEGAL STANDARD**

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

## III.   **DISCUSSION**

In his habeas petition, Petitioner chiefly contends that he is being unlawfully detained without a bond hearing, to which he believes he is entitled under 8 U.S.C. § 1226(a).  Petitioner, however, is not detained under that statute, and is instead detained under 8 U.S.C. § 1231(a)

2

pursuant to a reinstated order of removal.  Pursuant to 8 U.S.C. § 1231(a)(5), if "the Attorney General finds that an alien has reentered the United States illegally after having been removed or having departed voluntarily, under an order of removal, the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed, the alien is not eligible and may not apply for any relief under [immigration laws], and the alien shall be removed under the prior order at any time after the reentry."  Under the applicable regulations, where immigration officials, to whom the Attorney General has delegated his authority under the statute, determine reinstatement is appropriate, the alien "has no right to a hearing before an immigration judge," and the immigration officer need only find that the alien in question was subject to a prior removal order, is the same person to whom that order was applied, and that he thereafter reentered the country unlawfully.  *Ponta-Garcia v. Att'y Gen.*, 557 F.3d 158, 161 (3d Cir. 2009).  The Third Circuit has upheld these regulations, finding that they adequately protect any Due Process rights an alien may have in relation to his reinstated removal order, especially in light of the potential availability of a petition for review regarding the reinstatement of his order.  *Id.* at 163.  Absent an alien specifically providing evidence to contest these minimal required facts, the reinstatement of a prior removal order is a "simple" act with immediate effect.  *Id.* at 161, 165.

In this matter, Petitioner does not appear to contest that he has a prior removal order, that he was removed pursuant to that order and that he thereafter unlawfully reentered the United States. When the Government determined during enforcement operations that Petitioner was subject to a prior removal order, was removed thereunder, and unlawfully reentered the United States, the Government issued a warrant for his arrest and reinstated his prior removal order.  (*See* ECF Nos. 4-5; 4-6.)  Indeed, when his removal order was reinstated, Petitioner declined to contest the facts underlying that reinstatement.  (ECF No. 4-5.)  Petitioner was therefore not arrested without a

3

warrant or without cause – he was arrested because he is subject to a reinstated removal order, and has since February 20, 2026, been held under 8 U.S.C. § 1231(a) pending his removal pursuant to that reinstated removal order. To the extent Petitioner believes he is not subject to detention under § 1231(a) or that he was arrested without a warrant he is clearly mistaken – the Government issued a warrant for his arrest considering his prior removal order, and that prior removal order was reinstated as a final removal order that same day. *See, e.g., Guerrero-Sanchez v. Warden York Cnty. Prison*, 905 F.3d 208, 216 (3d Cir. 2018) (§ 1226(a), by its plain text, is inapplicable to those detained pursuant to a reinstated removal order), *abrogated on other grounds*, *Johnson v. Arteaga-Martinez*, 596 U.S. 573 (2022). Petitioner's detention is thus lawful under 8 U.S.C. § 1231(a).

Petitioner also argues in his petition that his detention without an individualized determination of flight risk or danger is unlawful. Section 1231(a) governs the detention of aliens who are subject to final orders of removal, including those with reinstated removal orders. Under the statute, the Government is required to detain aliens during a 90-day removal period, and may detain aliens thereafter for a period of time "reasonably necessary to bring about that alien's removal from the United States. *Johnson*, 596 U.S. at 579; *see also Zadvydas v. Davis*, 533 U.S. 678, 689 (2001). Detention under the statute is presumptively reasonable, and therefore comports with due process, for a period of up to six months, including the 90-day removal period, after which an alien may challenge his detention by showing that "there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. Nothing in the statute can be read to provide for bond hearings for aliens who are subject to mandatory detention under § 1231(a), and binding Supreme Court decisions prohibit lower courts from reaching "substantially beyond the limitation on [the Government's] detention authority recognized in *Zadvydas*." *Johnson*, 596 U.S. at 582.

In this matter, Petitioner was arrested pursuant to a warrant and taken into custody pursuant to a reinstated removal order on February 20, 2026.  He has since been in detention for just over a month, and is clearly within the six-month presumptively reasonable period[1] during which *Zadvydas* requires this Court to uphold the lawfulness of continued detention.  533 U.S. at 701.  Even were this not the case, Petitioner has not made an initial showing in this matter that his removal is not likely in the reasonably foreseeable future, and he therefore cannot show that his continued detention under § 1231(a) is unlawful.  Petitioner's continued detention under the statute is therefore presumptively reasonable and lawful, and he is not entitled to habeas relief in this matter.  Petitioner's habeas petition is therefore denied.

## IV.    **CONCLUSION**

For the reasons expressed above, Petitioner's habeas petition (ECF No. 1) is **DENIED.**  An order consistent with this Opinion will be entered.

Date: March 24, 2026

                                    s/ Zahid N. Quraishi
                             **ZAHID N. QURAISHI**
                             **UNITED STATES DISTRICT JUDGE**

---

[1] This would remain true even if the Court considered the brief period Petitioner was detained under his prior removal order before his removal in 2007.  Petitioner was in detention only 68 days in 2007 pursuant to his removal order, and has been in detention an additional 32 days since his order was reinstated.  Thus, even considering the periods together, Petitioner is well within the six-month presumptively reasonable period regardless of whether the Court is required to aggregate the two periods of detention.